**GP**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Victoria Gomez ) | Case Number |
| ) | |
| **Plaintiff** ) | **10 -438** |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| LAW OFFICES OF JOEL CARDIS, L.L.C. ) | JURY TRIAL DEMANDED |
| JOEL CARDIS ) | |
| **Defendant.** ) | |

**FILED**

AUG 27 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Victoria Gomez, by and through her undersigned counsel, Brian J. Smith and Associates, L.L.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Victoria Gomez (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff is an adult individual and citizen of the State of Pennsylvania residing at 110 Selma Street, Norristown, PA 19401.

5. Defendant, Law Offices of Joel Cardis, L.L.C. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 2006 Swede Road, Suite 100, E. Norriton, PA 19401.

6. Defendant, Joel Cardis, Esquire, ("Defendant"), at all times relevant hereto, is an attorney at law licensed by the Supreme Court of the Commonwealth of Pennsylvania engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 2006 Swede Road, Suite 100, E. Norriton, PA 19401.

7. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8. On or about May 18, 2010, Plaintiff received a letter from Defendant claiming that she owed the "Law Offices of Tahir Mella" the sum of $8,129.34. Letter attached as Exhibit A.

9. The third and fourth sentences of the letter state:

" **The client has authorized suit on this unresolved matter. We need to hear from you within 10 business days of the date of this letter. If I do not hear from you, I'll have to evaluate having your account reviewed by counsel.**"

10. The letter continues by threatening suit despite any request for validation under the Fair Debt Collection Practices Act.

11. The least sophisticated consumer would conclude that the letter overshadows and contradicts Fair Debt Collection Practices Act rights.

12. Defendant's conduct is a violation of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

11. The above paragraphs are hereby incorporated herein by reference.

12. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

    b. 15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

13. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT I
## VIOLATION OF PENNSYLVANIA FAIR CREDIT UNIFORMITY EXTENSION ACT
## 73 P.S. § 201-9.2.

15. The above paragraphs 1-14 are hereby incorporated herein by reference.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

b. 15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

17. As a result of the foregoing violations of the FDCPA, Defendant has violated Pennsylvania state law.

18. Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the Fair Credit Extension Uniformity Act, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the Fair Credit Extension Uniformity Act.

b. Actual damages;

c. Treble damages pursuant to the Act;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

BRIAN J. SMITH & ASSOCIATES, P.C.

By: _____

Brian J. Smith, Esquire
Attorney for Plaintiff
Victoria Gomez